UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
  MATTHEW WEIL, individually and on behalf of all others
  similarly situated,

                               Plaintiff,

              -against-

MARK D. LEVY HORTICULTURAL SERVICES, LLC,
MARK LEVY, SR., and MARK LEVY, JR.,

                            Defendants.
-------------------------------------------------------------------------X

CIVIL ACTION

**COLLECTIVE AND CLASS
ACTION COMPLAINT**

Plaintiff Matthew Weil ("Weil" or "Plaintiff") by his attorneys, Katz Melinger PLLC, complaining of the defendants, Mark D. Levy Horticultural Services, LLC ("MDLHS"), Mark Levy, Sr. ("Levy, Sr."), and Mark Levy, Jr. ("Levy, Jr.") (collectively, "Defendants"), respectfully alleges as follows:

### I. Nature of Action, Jurisdiction, and Venue

1.      This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA") and New York Labor Laws ("NYLL") §§ 190 *et seq.* and 650 *et seq.*

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

3.      This Court has supplemental jurisdiction over the claims arising under New York state law pursuant to 28 U.S.C. § 1367, in that the New York state law claims are so closely related to Plaintiff's federal claims as to form the same case or controversy under Article III of the United States Constitution.

1

4.      Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through its employees, including Plaintiff, within this judicial district.

## II. Parties

5.      Plaintiff is an individual residing in the state of New Jersey.

6.      At all relevant times, Plaintiff was employed by Defendants.

7.      While employed with Defendants, Plaintiff was regularly engaged in interstate commerce and/or in the production of goods for commerce.

8.      At all relevant times, Plaintiff was a covered employee within the meaning of the FLSA and the NYLL.

9.      Defendant MDLHS is a domestic limited liability company with its principal place of business located at 138 Highland Avenue, Verplanck, New York 10596.

10.     MDLHS provides horticultural services, including garden and landscaping design, installations, ground maintenance, masonry and irrigation services to customers in the tristate area.

11.     At all relevant times, MDLHS was or is a business or enterprise engaged in interstate commerce employing more than two employees and earning gross annual sales over $500,000.00.

12.     Defendant Levy, Sr. is an individual residing, upon information and belief, in the state of New York.

13.     At all relevant times, Levy, Sr. was an officer, director, shareholder, and/or person in control of MDLHS, who exercised significant control over the company's operations and had the authority to hire, fire, and discipline employees; set employees' work schedules and conditions

of employment; determine the rate and method of payment for employees; and maintain employment records.

14.    Defendant Levy, Jr. is an individual residing, upon information and belief, in the state of New York.

15.    At all relevant times, Levy, Jr. was an officer, director, shareholder, and/or person in control of MDLHS, who exercised significant control over the company's operations and had the authority to hire, fire, and discipline employees; set employees' work schedules and conditions of employment; determine the rate and method of payment for employees; and maintain employment records.

16.    At all relevant times, Levy, Sr. and Levy, Jr. exercised sufficient control over Plaintiff's day-to-day operations to be considered his employer under the FLSA and NYLL.

17.    Defendants are covered employers within the meaning of the FLSA and the NYLL, and, at all relevant times, employed Plaintiff.

18.    All Defendants are subject to suit under the statutes alleged above.

### III. FLSA Collective Action Allegations

19.    The First Cause of Action in this Complaint, which arises out of the FLSA, is brought by Plaintiff on behalf of himself and similarly situated persons who were employed since the date three (3) years prior to the filing of this Complaint, and who elect to opt-in to this action (the "FLSA Collective Plaintiffs").

20.    The FLSA Collective Plaintiffs consist of approximately forty-five (45) similarly situated current and former employees of Defendants who have been victims of Defendants' common policies and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

21.     As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed Plaintiff and the FLSA Collective Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes, *inter alia*, failing to compensate its employees with overtime wages for all hours worked in excess of forty (40) per week.

22.     Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

23.     Defendants' unlawful conduct has been intentional, willful, in bad faith, and has caused significant damages to Plaintiffs and the FLSA Collective Plaintiffs.

24.     The FLSA Collective Plaintiffs would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and are locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

### IV. Rule 23 Class Action Allegations

25.     Plaintiff brings the Second, Third, Fourth, and Fifth Causes of Action of this Complaint pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of all non-exempt employees of Defendants, who worked at any New York location on or after the date that is six (6) years before the filing of this Complaint (the "Class Period"). All said persons are referred to herein as the "Class Members."

26.     Despite regularly working more than forty (40) hours per week, the Class Members were not provided overtime wages for all hours worked in excess of forty (40) per week.

4

27.     The Class Members were also not provided a payroll notice at the time of hire, or at any time thereafter, containing their rates of pay, the designated payday, or any other information required by NYLL § 195(1).

28.     The Class Members were not provided, with each wage payment, a statement listing the Class Members' regular and overtime rates of pay and the number of regular and overtime hours worked, or any other information required by NYLL § 195(3).

29.     Defendants paid the Class Members partially by check and partially in cash, and issued Internal Revenue Service ("IRS") W-2 Forms to the Class Members that only reflected the wages paid to the Class Members via check.

30.     As a result, the W-2 Forms issued to the Class Members did not contain all of the wages Defendants paid to the Class Members.

31.     Upon information and belief, Defendants willfully filed with the IRS the W-2 Forms, which contained false information, in violation of 26 U.S.C. § 7434.

32.     The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under FRCP 23.

33.     The Class Members are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts from which to calculate that number are presently within the sole control of Defendants, upon information and belief, there are significantly more than ninety (90) members in the class.

34.    Plaintiff's claims are typical of those claims, which could be alleged by the Class Members, and the relief sought is typical of the relief which would be sought by each member of the class in separate actions. The Class Members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime wages as required by NYLL §§ 190 *et seq.* and 650 *et seq.*; failing to provide a payroll notice at the time of hire, or at any time thereafter, containing the rates of pay, the designated payday, and any other information required by NYLL § 195(1); failing to provide wage statements containing the Class Members' regular and overtime rates of pay, the number of regular and overtime hours worked, and any other information required by NYLL § 195(3); and by willfully filing with the IRS fraudulent information returns regarding wages paid to the Class Members, in violation of 26 U.S.C. § 7434.

35.    Defendants' company-wide policies and practices affected the Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

36.    Plaintiff is able to fairly and adequately protect the interests of the Class Members and has no interests adverse to the Class Members. Plaintiff is represented by attorneys who are experienced and competent in employment law, wage and hour litigation, and class action litigation and regularly represent plaintiffs in wage and hour cases.

37.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation, where individual class members lack the financial resources to vigorously prosecute a lawsuit against Defendants.

38.     Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions entail.

39.     Because the losses, injuries, and damages suffered by each of the individual Class Members are relatively small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the class would create a risk of inconsistent and/or varying adjudications with respect to the individual Class Members, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties.

40.     Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

41.     The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

42.    There are questions of law and fact common to the Class Members, which predominate over any questions affecting only individual Class Members, including:

a)    Whether Defendants failed to properly compensate the Class Members by failing to provide overtime wages as required by the NYLL §§ 190 *et seq.* and 650 *et seq.*;

b)    Whether Defendants violated NYLL § 195(1) by failing to provide a payroll notice at the time of hire, or at any time thereafter, containing the rates of pay, the designated payday, or any other information required by NYLL § 195(1);

c)    Whether Defendants violated NYLL § 195(3) by failing to provide accurate wage statements containing the Class Members' regular and overtime rates of pay; the number of regular and overtime hours worked; and any other information required by NYLL § 195(3);

d)    Whether Defendants violated 26 U.S.C. § 7434 by willfully filing with the IRS Forms W-2 with false information regarding the wage payments made to the Class Members;

e)    Whether the Class Members are entitled to damages, and if so, the means of measuring such damages;

f)    Whether Defendants are liable for the Class Members' attorneys' fees and costs; and

g)    Whether Defendants are liable for liquidated damages.

## V. Plaintiff's Factual Allegations

43.     Defendants employed Plaintiff as an irrigation technician and laborer from in or around March 2017 until in or around December 2018.

44.     As an irrigation technician and laborer, Plaintiff's principal job responsibilities included, *inter alia*, installing irrigation systems; attending service calls and repairing irrigation systems; picking-up and delivering large orders of plants, trees, and other materials from and to various locations in New York and New Jersey; assisting with the construction of patios and installation of garden lighting; performing plant and tree maintenance, including fertilization, weed control, and pest control; and planting plants, trees, and garden beds.

45.     Plaintiff's principal job duties did not require the performance of work requiring invention, imagination, originality, or talent in a recognized field of artistic or creative endeavor; the performance of office or non-manual work directly related to the management or general business operations of MDLHS or MDLHS' customers; or the exercise of discretion and independent judgment with respect to matters of significance.

46.     At no time did Plaintiff have the authority to hire, fire, or discipline employees, nor did he make suggestions or recommendations as to the hiring or firing of other employees.

47.     From the commencement of Plaintiff's employment with Defendants in or around March 2017 until in or around December 2018, Plaintiff regularly worked Mondays through Fridays from between 7:00 a.m. and 8:00 a.m. to between 5:00 p.m. and 6:00 p.m., for an average of approximately fifty (50) hours worked per week.

48.     Furthermore, in or around December, January, and February of each calendar year, Plaintiff regularly worked Mondays through Fridays from approximately 7:15 a.m. to between

4:00 p.m. and 5:00 p.m., for an average of approximately forty-six and twenty-five hundredths (46.25) hours worked per week.

49.     Throughout Plaintiff's employment with Defendants, Defendants automatically deducted thirty (30) minutes from Plaintiff's compensable time for meal breaks even though Plaintiff was not afforded any meal or rest breaks throughout his employment with Defendants.

50.     Throughout Plaintiff's employment, Defendants used a punch in/out system to track the hours Plaintiff actually worked.

51.     Throughout Plaintiff's employment, Defendants compensated Plaintiff at a rate of $14.00 per hour for all hours worked and failed to compensate Plaintiff with overtime premiums for all hours worked in excess of forty (40) hours per week.

52.     While employed with Defendants, Plaintiff was a non-exempt employee pursuant to the FLSA and the NYLL and was entitled to overtime wages for all hours worked in excess of forty (40) per week.

53.     Despite regularly working in excess of forty (40) hours per week, Plaintiff was not paid the requisite overtime wages for any hours he worked in excess of forty (40) per week.

54.     Furthermore, Plaintiff did not receive a payroll notice at the time of hire, or at any time thereafter, containing his rates of pay, the designated payday, or any other information required by NYLL § 195(1).

55.     Defendants further failed to furnish Plaintiff, with each wage payment, a statement listing Plaintiff's regular and overtime rates of pay and the number of regular and overtime hours worked, or any other information required by NYLL § 195(3).

56.    Defendants violated federal and state law by willfully failing to pay Plaintiff overtime wages to which Plaintiff was entitled; and by failing to provide Plaintiff with the required wage and payroll notices pursuant to NYLL §§ 195(1) and (3).

57.    Throughout Plaintiff's employment, Defendants paid Plaintiff his compensation partially by check and partially in cash.

58.    The compensation provided to Plaintiff by check was paid at $12.50 per hour for approximately twenty (20) to thirty (30) hours of the total number of hours Plaintiff worked per week. The remainder of Plaintiff's compensation was provided to Plaintiff entirely in cash.

59.    Defendants issued IRS W-2 Forms to Plaintiff for the tax years 2017 and 2018 that only reflected the wages Defendants paid to Plaintiff via check during each such year.

60.    As a result, the W-2 Forms that Defendants issued to Plaintiff for tax years 2017 and 2018 did not contain all wages that Defendants paid to Plaintiff in each such year.

61.    Upon information and belief, Defendants filed the W-2 Forms issued to Plaintiff for the tax years 2017 and 2018 with the IRS.

62.    Defendants willfully filed false information returns with the IRS as to Plaintiff's wages, in violation of 26 U.S.C. § 7434.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF AND THE FLSA COLLECTIVE PLAINTIFFS
*(Overtime Violations under the FLSA)*

63.    Plaintiff repeats and realleges all prior allegations.

64.    Pursuant to the applicable provisions of the FLSA, Plaintiff and the FLSA Collective Plaintiffs were entitled to overtime compensation of one and one-half times their regular hourly rate of pay for all hours worked in excess of forty (40) per week.

65.     Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants.

66.     Throughout the relevant period, Defendants knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs overtime wages of one and one-half times their regular hourly rate of pay for each hour worked in excess of forty (40) per week.

67.     As a result of Defendants' violations of the law and failure to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime wages, Plaintiff and the FLSA Collective Plaintiffs  have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

68.     As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff and the FLSA Collective Plaintiffs are entitled to liquidated damages.

69.     Judgment should be entered in favor of Plaintiff and the FLSA Collective Plaintiffs and against Defendants on the First Cause of Action in the amount of Plaintiff's and the FLSA Collective Plaintiffs' unpaid overtime wages, liquidated damages, attorneys' fees and costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF
AND THE CLASS MEMBERS**
*(Overtime Violations under the NYLL)*

70.     Plaintiff repeats and realleges all prior allegations.

71.     Pursuant to the applicable provisions of the NYLL, Plaintiff and the Class Members were entitled to overtime compensation of one and one-half times their regular hourly rate of pay for all hours worked in excess of forty (40) hours per week.

72.    Plaintiff and the Class Members regularly worked in excess of forty (40) hours per week during their employment with Defendants.

73.    Throughout the relevant period, Defendants knowingly failed to pay Plaintiff and the Class Members overtime wages of one and one-half times their regular hourly rate of pay for each hour worked in excess of forty (40) hours per week.

74.    As a result of Defendants' violations of the law and failure to pay Plaintiff and the Class Members the required overtime wages, Plaintiff and the Class Members have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

75.    As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff and the Class Members are entitled to liquidated damages.

76.    Judgment should be entered in favor of Plaintiff and the Class Members and against Defendants on the Second Cause of Action in the amount of Plaintiff's and the Class Members' unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF AND THE CLASS MEMBERS
*(Failure to Provide Payroll Notices under the NYLL)*

77.    Plaintiff repeats and realleges all prior allegations.

78.    Defendants failed to furnish to Plaintiff and the Class Members at the start of their employment, or at any time thereafter, a notice containing their rate or rates of pay and basis thereof;  allowances, if any, claimed as part of the minimum wage; the regular pay day designated by Defendants; and any other information required by NYLL § 195(1).

79.     As Defendants failed to provide Plaintiff and the Class Members with a payroll notice as required by NYLL § 195(1), Plaintiff and the Class Members are entitled to liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorneys' fees and costs.

80.     Judgment should be entered in favor of Plaintiff and the Class Members and against Defendants on the Third Cause of Action in the form of liquidated damages amounting to $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

### AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF AND THE CLASS MEMBERS
*(Failure to Provide Wage Statements under the NYLL)*

81.     Plaintiff repeats and realleges all prior allegations.

82.     Throughout the relevant period, Defendants failed to furnish to Plaintiff and the Class Members, with each wage payment, a statement listing: Plaintiff's and the Class Members' rate or rates of pay and basis thereof; the number of regular and overtime hours Plaintiff and the Class Members worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and Plaintiff's and the Class members' net wages, in violation of NYLL § 195(3).

83.     As Defendants failed to provide Plaintiff and the Class Members with wage statements as required by NYLL § 195(3), Plaintiff and the Class Members are entitled to liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

84.     Judgment should be entered in favor of Plaintiff and the Class Members and against Defendants on the Fourth Cause of Action in the form of liquidated damages amounting to $250.00

per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

## AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF AND THE CLASS MEMBERS
*(Fraudulent Filing of Information Returns)*

85.     Plaintiff repeats and realleges all prior allegations.

86.     Throughout the relevant period, Defendants paid Plaintiff and the Class Members their wages partially by check and partially in cash.

87.     Defendants provided Plaintiff and the Class Members with copies of the W-2 Forms that Defendants filed with the IRS each calendar year, which reflected only Plaintiff's and the Class Members' wages that were paid by check.

88.     An IRS W-2 Form is an information return as defined by 26 U.S.C. § 6724(d)(1).

89.     Defendants were aware of their duty to accurately report to the IRS all wages paid to Plaintiff and the Class Members.

90.     Defendants were aware that the W-2 Forms did not reflect wages paid in cash to Plaintiff and the Class Members.

91.     Defendants reported fraudulent information to the IRS in violation of 26 U.S.C. § 7434 by filing W-2 Forms with false information regarding the wages paid to Plaintiff and the Class Members, thereby decreasing Defendants' tax liability.

92.     As Defendants willfully filed fraudulent information returns in violation of 26 U.S.C. § 7434, Plaintiff and the Class Members are entitled to damages for each such fraudulent return in an amount equal to the greater of $5,000.00 or the sum of any actual damages sustained by Plaintiff and the Class Members, costs of the action, and reasonable attorneys' fees.

15

93.     Judgment should be entered in favor of Plaintiff and the Class Members and against Defendants on the Fifth Cause of Action in an amount equal to the greater of $5,000.00 or the sum of any actual damages sustained by Plaintiff and the Class Members for each fraudulent information return, costs of the action, and reasonable attorneys' fees.

**WHEREFORE** Plaintiff prays for relief as follows:

a)  on the First Cause of Action for all overtime wages due to Plaintiff and the FLSA Collective Plaintiffs, liquidated damages, and all reasonable attorneys' fees in an amount to be determined by this Court;

b)  on the Second Cause of Action for all overtime wages due to Plaintiff and the Class Members, liquidated damages, and all reasonable attorneys' fees in an amount to be determined by this Court;

c)  on the Third Cause of Action for liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees in an amount to be determined by this Court;

d)  on the Fourth Cause of Action for liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees in an amount to be determined by this Court;

e)  on the Fifth Cause of Action for damages in the amount equal to the greater of $5,000.00 for each fraudulent information return or the sum of any actual damages sustained by Plaintiff and the Class Members and all reasonable attorneys' fees in an amount to be determined by this Court;

f)  Interest;

g)  Costs and disbursements; and

h) Such other and further relief as is just and proper.


Dated: New York, New York
       May 16, 2019

                                        */s/ Katherine Morales* __
                                        Katherine Morales
                                        KATZ MELINGER PLLC
                                        280 Madison Avenue, Suite 600
                                        New York, New York 10016
                                        (212) 460 - 0047
                                        kymorales@katzmelinger.com
                                        *Attorneys for Plaintiff*