EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
MATTHEW WEIL, individually and on behalf of
all others similarly situated,

                                            Civil Action No.:

                    Plaintiff,                1:19-cv-4493 (VB)

          -against-

MARK D. LEVY HORTICULTURAL SERVICES,
LLC, MARK LEVY SR., and MARK LEVY, JR.,

                                  Defendants.
------------------------------------------------------------X

## NEGOTIATED SETTLEMENT AGREEMENT AND RELEASE

        WHEREAS, Defendants Levy Horticultural Services, LLC, Mark Levy, Sr., and Mark Levy, Jr. (hereinafter "Defendants") and Plaintiff Matthew Weil, and his heirs, executors, administrators, successors and assigns (hereinafter "Plaintiff") (Plaintiff and Defendants together "Parties"), agree to the material terms of this Settlement Agreement and Release ("Agreement") in an effort to resolve Plaintiff's Fair Labor Standards Act ("FLSA") claims against Defendants in the above-captioned action ("Action");

        NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES AS FOLLOWS:

        1.    **<u>Consideration</u>**. In consideration for Plaintiff signing this Agreement and complying with its terms, Defendants agree to pay to Plaintiff the total sum of Seven Thousand Five Hundred Dollars and Zero Cents ($7,500.00) ("Settlement Sum").  The Settlement Sum shall be sent to Plaintiff's counsel, Katz Melinger, 280 Madison Avenue, Suite 600, New York, New York 10016, apportioned as follows:

        a.   One check made payable to "Matthew Weil" in the amount of Two Thousand Two Hundred and Ninety Dollars and Zero Cents ($2,290.00), less lawful deductions, for alleged back wages owed.  An IRS Form W-2 will be issued to Plaintiff with respect to this amount after the end of the calendar year in which it is paid;

        b.   One check made payable to "Matthew Weil" in the amount of Two Thousand Two Hundred and Ninety Dollars and Zero Cents ($2,290.00),, for alleged liquidated damages owed.  An IRS Forms 1099 will be issued to Plaintiff with respect to this amount after the end of the calendar year in which it is paid; and

        c.   One check made payable to "Katz Melinger PLLC" in the amount of Two Thousand Nine Hundred Twenty Dollars and Zero Cents ($2,920.00) for attorneys' fees and

reimbursement of expenses.  An IRS Forms 1099 will be issued to Plaintiff and Katz Melinger PLLC with respect to this amount after the end of the calendar years in which such check is paid.

The Settlement Sum shall be delivered to Plaintiff, through Plaintiff's counsel, on the latest of the following dates: (i) the date Defendants, through counsel, receive a copy of this Agreement duly signed and dated by Plaintiff, as well as a duly completed IRS Form W-4 and IRS Form W-9 for Plaintiff and a W-9 from Plaintiff's counsel; (ii) November 15, 2019. Notwithstanding the foregoing, the Settlement Sum shall remain in Plaintiff's counsel's trust account until such time as the Court approves this Agreement and So Orders the Stipulation and Order of Dismissal with Prejudice ("Stipulation"), which is appended hereto as Exhibit "A",   and if such payments are made prior to such approval all checks listed in paragraph 1 shall be made payable to "Katz Melinger PLLC, as attorneys for Matthew Weil".

Plaintiff agrees and acknowledges that Defendants and Defendants' counsel have not made any representations to Plaintiff regarding the tax consequences of any payments or amounts received pursuant to this Agreement.  Plaintiff agrees to indemnify Defendants against the payment of any taxes, interest, penalties, and other liabilities or costs that may be assessed upon their respective portions of the Settlement Sum.  Plaintiff shall bear no responsibility for or in connection with the failure of any of the Defendants to make any employers' contributions to payroll taxes related to the Settlement Sum.

2.    **No Consideration Absent Plaintiff's Material Representations and Promises.** Plaintiff understands and agrees that Plaintiff would not receive the monies specified in paragraph "1" above, except for Plaintiff's execution of this Agreement and the fulfillment of the promises contained herein.

3.    **Release of FLSA Claims.**  Plaintiff, his heirs, executors, administrators, successors and assigns voluntarily release and forever discharge Defendants, any business owned or operated by Defendants in whole or part, as well as Defendants' executors, agents, attorneys, employees, former employees, insurers, reinsurers, predecessors, successors and assigns, both individually and in their official capacities (collectively "Releasees"), of and from all FLSA claims that were asserted or could have been asserted by Plaintiff against Releasees in the Action.  The released claims include, but are not limited to, all FLSA claims for regular and overtime wages, all related derivative benefit claims (both ERISA and non-ERISA benefits), liquidated damages interest on such claims, and attorneys' fees and costs related to such claims through the date this Agreement is executed by all Parties.

The Parties acknowledge that this Agreement does not limit either party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency.   To the extent permitted by law, Plaintiff agrees that if such an administrative wage and hour claim is made, Plaintiff shall not be entitled to recover any individual monetary relief or other individual remedies.

4.    **Procedure.**  After this Agreement, the Stipulation, and the settlement agreement between the Parties to resolve Plaintiff's non-FLSA claims (the "Non-FLSA Settlement

Agreement") are executed by the Parties and their counsel, and the Parties' counsel have agreed to the letter motion for judicial approval of this Agreement , Plaintiff or his counsel will promptly submit the letter motion along with the Agreement and Stipulation to the Court for the Court's consideration and approval.  Should the Court fail to approve all provisions of this Agreement the parties will make good faith efforts to resolve any issues raised by the Court and resubmit the letter motion and any revised agreement to the Court.

5.      **Governing Law and Interpretation.**  This Agreement shall be governed and conformed in accordance with the laws of New York State without regard to its conflict of laws provision.  In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach.

6.      **Nonadmission of Wrongdoing.**  The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

7.      **Amendment.**  This Agreement may not be modified, altered or changed except in writing and signed by both parties wherein specific reference is made to this Agreement.

8.      **Entire Agreement.**  This Agreement sets forth the entire agreement between the Parties, and fully supersedes any prior agreements or understandings between the Parties, except the Non-FLSA Settlement Agreement, which remains in full force and effect.   Plaintiff acknowledges that Plaintiff has not relied on any representations, promises, or agreements of any kind made to Plaintiff in connection with Plaintiff's decision to accept this Agreement, except for those set forth in this Agreement and the Non-FLSA Settlement Agreement.

9.      **Counterparts.**  This Agreement may be executed in any number of counterparts, each of which so executed shall be deemed an original, and such counterparts will together constitute but one Agreement.   Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party who transmits the signature page by facsimile or email.

10. **Default.** Any default under this Agreement shall be governed by the Non-FLSA Settlement Agreement's provisions relating to defaults and entering Affidavits of Confessions of Judgment.


**PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND REVIEW WITH PLAINTIFF'S ATTORNEYS, KATZ MELINGER PLLC, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL FLSA CLAIMS PLAINTIFF HAS OR MIGHT HAVE AGAINST RELEASEES.**

The Parties knowingly and voluntarily sign this Agreement and Release as of the date(s) set forth below:

MATTHEW WEIL

Date: _September 27, 2019_

LEVY HORTICULTURAL SERVICES, LLC

Date: _____

MARK LEVY, SR.

Date: _____

MARK LEVY, JR.

Date: _____

4

MATTHEW WEIL

_____

Date: _____

LEVY HORTICULTURAL SERVICES, LLC

_____

Date: _____9-27-19_____

MICHAEL T HOLMES
Notary Public - State of New York
NO. 01HO6341087
Qualified in Orange County
My Commission Expires May 2, 2020

MARK LEVY, SR.

_____

Date: _____9-27-19_____

MICHAEL T HOLMES
Notary Public - State of New York
NO. 01HO6341087
Qualified in Orange County
My Commission Expires May 2, 2020

MARK LEVY, JR.

_____

Date: _____9-27-19_____

MICHAEL T HOLMES
Notary Public - State of New York
NO. 01HO6341087
Qualified in Orange County
My Commission Expires May 2, 2020

4

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MATTHEW WEIL, individually and on behalf of
all others similarly situated,

                      Plaintiff,                    Civil Action No.:
                                                      1:19-cv-4493 (VB)

             -against-

MARK D. LEVY HORTICULTURAL SERVICES,
LLC, MARK LEVY SR., and MARK LEVY, JR.,

                        Defendants.
-------------------------------------------------------------X

**STIPULATION AND [PROPOSED] ORDER OF DISMISSAL WITH PREJUDICE**

      **WHEREAS,** on May 16, 2019, Plaintiff Matthew Weil ("Plaintiff") filed a Complaint, which asserts claims against Defendants Levy Horticultural Services, LLC, Mark Levy, Sr., and Mark Levy, Jr. (hereinafter "Defendants") (Plaintiff and Defendants together, the "Parties"), for, *inter alia*, failure to pay minimum and overtime wages and statutory damages under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA");

      **WHEREAS,** the Parties reached a settlement of this action and Plaintiff's claims through arms-length negotiations, and have entered into a Negotiated Settlement Agreement and Release (the "Agreement"), formally memorializing the Parties' settlement;

      **WHEREAS,** the terms of the Agreement, which are incorporated herein by reference, have been reviewed and scrutinized by the Court and are approved and considered a fair and reasonable resolution of, *inter alia*, a bona fide dispute over a provision or provisions of the FLSA and/or time worked;

      **IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned counsel for the Parties, that this action be hereby dismissed and discontinued in its entirety, with

1

prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.  No attorneys' fees

or costs will be awarded to any party by the Court, except as provided in the Parties' Agreement.

The terms of the Agreement have been presented for review and approval by the Court and the

Agreement is hereby approved by the Court.

Respectfully submitted,

KATZ MELINGER PLLC                          JACKSON LEWIS P.C.


By: _____          By: _____
     Kenneth J. Katz, Esq.                          Douglas J. Klein, Esq.
     Katherine Morales, Esq.                       Allison M. Benz, Esq.
     *ATTORNEYS FOR PLAINTIFF*              *ATTORNEYS FOR DEFENDANTS*
     280 Madison Avenue, Suite 600            666 Third Avenue
     New York, New York 10016                  New York, New York 10017
     (212) 460-0047                                    (212) 545-4000


Dated: _____                    Dated: _____


SO ORDERED on this _____ day of _____, 2019.


_____
              U.S.D.J.

2