UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
MATTHEW WEIL, individually and on behalf :
of all others similarly situated, :
            Plaintiff, :
:
v. :
:
MARK D. LEVY HORTICULTURAL :
SERVICES, LLC; MARK LEVY, SR.; and :
MARK LEVY, JR., :
            Defendants. :
--------------------------------------------------------------x

**ORDER**

19 CV 4493 (VB)

      On September 28, 2019, plaintiff in this Fair Labor Standards Act (FLSA) case filed a settlement agreement (Doc. #23-1) and statement explaining the basis for the agreement (Doc. #23), as required by Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). However, plaintiff stated the parties separately settled plaintiff's non-FLSA claims, and did not submit the non-FLSA Settlement Agreement for the Court's review. Although courts have permitted the bifurcated structure proposed by the parties, Chowdhury v. Brioni Am., Inc., 2017 WL 5953171, at *5 (S.D.N.Y. Nov. 29, 2017) (collecting cases), the Court ordered plaintiff to submit the non-FLSA Settlement Agreement for the Court's review. (Doc. #24). Cf. Gallardo v. PS Chicken Inc., 285 F. Supp. 3d 549, 553 (E.D.N.Y. 2018) (requiring Court review of agreement to settle non-FLSA claims so the Court could "determine whether the agreement contains other conditions relating to or otherwise affecting the FLSA claims that would be impermissible if executed in an FLSA settlement agreement.").

      In reviewing the proposed settlement agreements, the Court has considered the following factors: (i) the parties' position as to the proper valuation of plaintiff's claims; (ii) the risks and costs of continuing to litigate; (iii) plaintiff is represented by counsel; (iv) the parties settled with

1

the assistance of a Court-appointed mediator; (v) plaintiff no longer works for defendants; (vi) the parties engaged in informal discovery; (vii) plaintiff is receiving approximately 37 percent of his claimed unpaid wages, and there is a bona fide dispute regarding the amount of wages owed to plaintiff; and (viii) the representation that the parties desire to resolve this action early and avoid the costs and uncertainty associated with drawn-out litigation.

The Court has also reviewed the confidential non-FLSA Settlement Agreement and finds it does not impermissibly affect settlement of the FLSA claims.

Based on the foregoing, the Court finds the settlement agreement is fair and reasonable, and the product of arm's-length negotiation, not fraud or collusion.

Additionally, the Court finds the attorney's fees, which are one third of the total recovery, to be fair and reasonable under the circumstances.

## CONCLUSION

Accordingly, the parties' settlement agreement (Doc. #23-1) is APPROVED.

The Clerk is instructed to close this case.

Dated: October 25, 2019
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge